J-A04004-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DEWANE B. JOLLY, | : | No. 61 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 5, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0016851-2013

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND SHOGAN, J.

DISSENTING MEMORANDUM BY BENDER, P.J.E.:  **FILED AUGUST 23, 2016**

I respectfully Dissent.

When reviewing a claim challenging the sufficiency of evidence supporting a conviction, this Court is bound to "determine whether the evidence admitted at trial, and all *reasonable* inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, supports the jury's finding of all of the elements of the offense beyond a reasonable doubt." **Commonwealth v. Bomar**, 826 A.2d 831, 840 (Pa. 2003) (emphasis added).  As emphasized above, this standard does not permit, much less encourage, the reaching of *any* inference that might favor the verdict winner; instead, any inference permitted under sufficiency review must be reasonable.

Furthermore, the evaluation of the Commonwealth's burden of proof does not begin from some neutral position stationed directly in between the interests of the parties.  Instead, the evidence, and the reasonable inferences derived therefrom, must "overcome[] the presumption of

innocence." ***Commonwealth v. Franklin***, 69 A.3d 719, 722 (Pa. Super. 2013). And while "the facts and circumstances need not be absolutely incompatible with defendant's innocence" to survive sufficiency review, evidence is insufficient as "as a matter of law" when it is so "weak and inconclusive" that "no probability of fact can be drawn from the *combined* circumstances." ***Commonwealth v. Sullivan***, 371 A.2d 468, 478 (Pa. 1977) (emphasis added) (citing ***Commonwealth v. Libonati***, 31 A.2d 95, 97 (Pa. 1943)).

Instantly, I respectfully disagree with the Majority that the Commonwealth has overcome the presumption of innocence with *reasonable* inferences in this case. Most troubling for me is the analysis of the DNA evidence discovered on the firearm, which *excluded* Appellant as a contributor. This is fundamentally different from DNA analysis that is inconclusive as to potential contributors, or situations where testable DNA evidence is simply lacking. In my mind, this is affirmative evidence of Appellant's innocence of the possessory firearm offenses at issue, and there is no indication in the record that this fact was rejected by the trial court, which sat as the fact-finder below. Instead, the trial court inferred, *unreasonably* in my opinion, that Appellant's guilt was proven "despite the DNA tests…." Trial Court Opinion, 6/2/15, at 8. This indicates that a non-trivial, uncontradicted fact was simply ignored by the court. The trial court made no efforts to downplay the import of this fact in its analysis, but instead examined the remaining evidence as if that fact did not even exist. ***Id.*** at 8-9.

I ascertain nothing in our standard of review that requires us to sustain the trial court's logic when it accepts a fact as true, but then simply ignores it, as well as virtually all rational inferences that flow from that fact. While doing so may cast this evidence in a light most favorable to the Commonwealth, it does so at the expense of the reasonableness principle that underpins our standard of review.

Although not as dispositive to my analysis, I also question the reasonableness of the trial court's inferring that Richardson's right-handedness rendered it "difficult for him to place the gun in that position prior to him running from the vehicle." *Id.* at 9. I find it unfathomable that a right-handed person, not otherwise disabled, would find it difficult, or even awkward, to drop a firearm from his left hand.

Given the combined circumstances presented in this case, including the evidence unreasonably excluded from consideration by the trial court, I believe the evidence was too weak and inconclusive to sustain Appellant's convictions for person not to possess a firearm, possession of a firearm with altered identification, and possession of an firearm without a license. As the Majority has adopted the trial court's rationale for sustaining these convictions on sufficiency grounds, I respectfully dissent from that decision.