**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSHUA L. LIVELY | : | |
| | : | |
| Appellant | : | No. 1643 EDA 2017 |

Appeal from the Judgment of Sentence April 18, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003378-2016

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:                **FILED SEPTEMBER 12, 2018**

Joshua L. Lively (Appellant) appeals from the judgment of sentence imposed after he was convicted of driving under the influence of a controlled substance (DUI) – impaired ability and possession of marijuana.[1]  We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> Police Officer Shawn Devlin testified that on September 22, 2014, at approximately 9:39 p.m., he and his partner, Officer Santos (first name not given), were on routine patrol traveling in the area of 52nd and Jefferson Streets when he observed [Appellant] operating a gray Nissan [A]ltima with Massachusetts license plates, run a red light.  Officer Devlin immediately activated lights and sirens, but [Appellant] did not pull over.  Instead, [Appellant] pulled into a shopping center east of 52nd Street; he did not pull over at the first available opportunity, he continued to drive through the parking lot and parked in a parking spot in front of the Monster Pet store.  Officer Devlin did not believe he was attempting to flee; he was just not reacting to the police car

---

[1]  75 Pa.C.S.A. § 3802(d)(2); 35 P.S. § 780-113(a)(31).

---

*   Retired Senior Judge assigned to the Superior Court.

behind him. (N.T.[,] 3/2/17, [at] 13-17). When [Appellant] eventually pulled over, Officer Devlin exited his vehicle and stated he could smell a strong odor of marijuana; the smell was incredibly strong the closer he got to the [A]ltima. [Appellant] was the only person in the car[. *Id.* at 17-18.]

\* \* \*

[Appellant] testified that while he did smoke (marijuana) earlier that morning, he did not smoke any marijuana in the car. He stated that the officer never asked him if he had been smoking. He denied running the red light and stated that as soon as the light turned green, the officer put on his flashing lights; that he pulled over as soon as he could safely do so. ([*Id.*] at 59-61).

Trial Court Opinion, 11/3/17, at 2-4.

[Appellant] was arrested and [] charged with *inter alia*, DUI, Controlled Substance – Impaired Ability – 1st Offense, and Possession of Marijuana[.]

\* \* \*

[F]ollowing a waiver trial, [Appellant] was found guilty of both charges. . . . On April 18, 2017, [Appellant] was sentenced to a mandatory minimum sentence of seventy-two (72) hours to six (6) months of incarceration. [Appellant] was also ordered to pay a One Thousand ($1,000.00) Dollar fine, attend Alcohol Highway Safety School, and a twelve (12) month license suspension. No further sentence was imposed on the conviction for possession of marijuana. [Appellant] filed a Notice of Appeal to the Superior Court. Following the receipt of the notes of testimony and retaining new counsel, a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) was ordered. A Statement of Matters Complained of on Appeal was filed on September 14, 2017.

*Id.* at 1-2 (footnote omitted).

On appeal, Appellant presents the following issue for review: "Did not

the lower court err in finding Appellant guilty of driving under the influence of

controlled substances under 75 Pa.C.S.[A.] § 3802(d)(2) where the evidence

was insufficient to establish that his ability to drive safely was impaired?" Appellant's Brief at 3.[2] Specifically, Appellant argues that a conviction under Section 3802(d)(2) requires proof of erratic driving demonstrating the inability to drive safely. Appellant asserts that "[m]ere proof that an individual has consumed intoxicating substances is insufficient to establish guilt under [Section] 3802(d)(2)." Appellant's Brief at 10. Appellant maintains that the Commonwealth did not present evidence of his inability to drive safely.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a

---

[2] Appellant raised three additional issues in his Rule 1925(b) statement that he has abandoned on appeal.

defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

***Commonwealth v. Franklin***, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted). "Further, the trier of fact, in passing upon the credibility of the witnesses, is free to believe all, part, or none of the evidence." ***Commonwealth v. Rivera***, 983 A.2d 1211, 1220 (Pa. 2009) (quotations and citations omitted).

The trial court summarized the applicable law and Officer's Devlin's testimony as follows:

> [Appellant] challenges the sufficiency of the evidence for his conviction under 75 Pa.C.S.A. § 3802(d)(2). Pursuant to that statute:
>
> > **(d) Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
> >
> > \* \* \*
> >
> > (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.
>
> 75 Pa.C.S.A. § 3802(d)(2). The Superior Court has emphasized that "Section 3802(d)(2) does *not* require that any amount or specific quantity of the drug be proven in order to successfully prosecute under that section." ***Commonwealth v. Williamson***, 962 A.2d 1200, 1204 (Pa. Super. 2008) (emphasis in original). Rather, the Commonwealth must simply prove that, while driving or operating a vehicle, the accused was under the influence of a drug to a degree that impaired his or her ability to safely drive that vehicle. Id.

In this matter, Officer Devlin testified that when [Appellant] eventually pulled over, he could smell an incredibly strong odor of marijuana the closer he got to the vehicle [Appellant] was driving. [Appellant] was the only person in the car and Officer Devlin described him as having watery, glassy, somewhat bloodshot eyes; he fumbled with his paperwork, and his speech was slow, drawn out, and somewhat mumbled. Also, a blunt of a marijuana cigar was recovered from the floorboard between the driver's seat and center console. Officer Devlin believed [Appellant] was DUI based on what he smelled and what he observed. Moreover, [Appellant] stated that he had smoked marijuana about two (2) hours prior to being pulled over. Additionally, Officer Farrell testified that he observed [Appellant] to have glassy eyes, and slow, lethargic movement, speech and walk. According to Officer Farrell, his observations of [Appellant] were consistent with someone who [was] under the influence of marijuana. Considering the totality of the above circumstances, viewed in the light most favorable to the Commonwealth, there was sufficient evidence to establish that [Appellant] was unable to safely operate his vehicle due to the influence of marijuana.

Trial Court Opinion, 11/3/17, at 5-7.

Based on our review of the certified record on appeal, including the transcripts of Appellant's bench trial, we conclude that the trial court has accurately described the facts and circumstances surrounding Appellant's arrest. *See* N.T., 3/2/17, at 13-19, 43-44, 64. We agree that the evidence was sufficient to sustain Appellant's conviction under Section 3802(d)(2). The record reflects that Appellant's physical condition at the time of his arrest was indicative of someone who was under the influence of marijuana to a degree that impaired his ability to safely operate his vehicle.

With respect to Appellant's claim that a conviction under Section 3802(d)(2) requires the Commonwealth to present evidence that he was

driving erratically or in an unsafe manner and the Commonwealth did not do so, this argument does not warrant relief.

In support of this claim, Appellant relies on **Commonwealth v. Gause**, 164 A.3d 532 (Pa. Super. 2017). **Gause**, however, does not, as Appellant claims, stand for the proposition that the Commonwealth must present evidence of erratic or dangerous driving in order to support a conviction under Section 3802(d)(2). Rather, in **Gause**, this Court addressed the issue of whether expert testimony was needed to determine if a suspect exhibiting "eyelid tremors" indicated that the individual was under the influence of marijuana and could not safely operate a vehicle. This Court stated that "eyelid tremors" were "not the typical and obvious indicia of marijuana use." **Id.** at 539. Consequently, we held that expert testimony was necessary "to explain whether 'eye tremors,' or 'body tremors,' would indicate that someone was under the influence of marijuana and that this impaired his ability to safely drive, in violation of [S]ection 3802(d)(2)." **Id.** "Unlike staggering, stumbling, glassy or bloodshot eyes, and slurred speech, the 'ordinary signs of intoxication discernable by a layperson,' eye tremors are *not* an ordinary sign of ingestion of a controlled substance, in particular, marijuana." **Id.** (italics in original).

In this case, the record reflects that two police officers observed Appellant with watery, glassy, and bloodshot eyes, and noticed that his movements and speech were slow and lethargic. N.T., 3/2/17, at 13-19, 43-

44. One of the officers also reported that Appellant fumbled his paperwork. *Id.* at 18. Accordingly, the evidence was sufficient to sustain Appellant's conviction under Section 3802(d)(2). We emphasize, to the extent the Commonwealth was even required to present evidence that Appellant was driving erratically or in an unsafe manner, the record reveals that the reason the police stopped Appellant's vehicle was because he ran a red light at an intersection. *Id.* at 14.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/18