COMMONWEALTH of Pennsylvania, Appellee

v.

Moses **FRANKLIN**, Appellant.

Superior Court of Pennsylvania.

Submitted March 11, 2013.

Filed June 24, 2013.

Michael Coard, Philadelphia, for appellant.

Hugh J. Burns, Jr. and Alison J. Guest, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., WECHT, J., and COLVILLE, J.*

OPINION BY STEVENS, P.J.

This is an appeal from the judgment of sentence entered by the Court of Common Pleas after Appellant Franklin Moses (a.k.a. Moses Franklin)[1] was convicted of resisting arrest[2] and disorderly conduct.[3] Appellant challenges the sufficiency of the evidence supporting his convictions. We affirm.

On March 19, 2009, Philadelphia City Council convened at City Hall for their weekly meeting. Sergeant Pedro Rosario, Chief Sergeant–at–Arms, was on duty at the Council meeting when he heard a commotion going on in the balcony that overlooks the City Council chambers. When Sergeant Rosario reached the balcony, he encountered Appellant, co-defendant Wali Rahman ("Rahman"),[4] and several other individuals, who were yelling so loud that they disrupted the Council meeting. Sergeant Rosario observed the President of the Council stop the meeting by banging his gavel in an attempt to bring order among the noisy crowd. At every entrance of the balcony, there were notices posted that informed citizens of behavior deemed inappropriate for City Council meetings. For the benefit of other spectators, attendees at City Council meetings may not stand up and hold signs.

When Sergeant Rosario approached Appellant and Rahman, he asked them to sit down and quiet down to allow the meeting to continue. Sergeant Rosario informed the men that they would be escorted out of the building if they continued to disrupt the meeting. Appellant, Rahman, and their group of friends ignored Sergeant Rosario's requests and Rahman encouraged the crowd to stand up and make more noise. Sergeant Rosario indicated that he was concerned because the crowd was standing very close to the balcony's glass divide, where the public is not allowed to stand for safety reasons.

Sergeant Rosario directed Sergeant Derek Grant and Officer Donald West, civil affairs police officers, to help him control the crowd on the balcony. After Sergeant Grant and Officer West had identified themselves as police officers and asked Appellant and Rahman to leave the balcony several times, Sergeant Grant took the sign that Rahman was holding. In response, Rahman shoved Sergeant Grant with both hands, pushing him back several feet. Rahman then threw several punches at Sergeant Grant and continued to swing at other officers.

At this point, Officer West saw Appellant attempt to join in the fight and start

---

* Retired Senior Judge assigned to the Superior Court.

1. We note that the certified record contains conflicting references to Appellant as both "Moses Franklin" and "Franklin Moses." Although Appellant claimed at sentencing that his name is Franklin Moses, defense counsel and the Commonwealth continue to refer to him as Moses Franklin. In the interest of clarity, we do not use Appellant's proper name, but simply refer to him as Appellant.

2. 18 Pa.C.S.A. § 5104.

3. 18 Pa.C.S.A. § 5503(a)(1).

4. Appellant's co-defendant, Wali Rahman, also filed an appeal with this Court. We have addressed the merits of Rahman's appeal in a separate opinion docketed at 540 EDA 2011.

swinging his fists at Sergeant Grant. As a result, Officer West grabbed Appellant by the jacket and attempted to place him under arrest. Appellant did not comply and continuously yanked his arms away. Appellant slipped away from Officer West and headed in the opposite direction. However, Officer West was eventually able to subdue Appellant and place him under arrest.

Appellant was charged in connection with this incident and proceeded to a bench trial which was held on August 24, 2010. The trial court convicted Appellant of disorderly conduct and resisting arrest. On October 13, 2010, the trial court sentenced Appellant to one year nonreporting probation. Appellant filed a timely post-sentence motion, which was denied by operation of law on February 28, 2012. This timely appeal followed.

Appellant raises the following issues for our review on appeal:

1. In regard to the Disorderly Conduct conviction, was there insufficient evidence as a matter of law that Appellant had the specific "intent to cause public inconvenience, annoyance, or alarm" or that he "recklessly created a risk thereof"?

2. In regard to the Resisting Arrest conviction, was there insufficient evidence as a matter of law that the underlying arrest or discharged duty was "lawful"?

Appellant's Brief at 5 (renumbered for our review).

We are guided by the following standard of review when presented with a challenge to the sufficiency of the evidence supporting a defendant's conviction:

As a general matter, our standard of review of sufficiency claims requires that we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 (2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa.Super.2005). Nevertheless, "the Commonwealth need not establish guilt to a mathematical certainty." *Id.; see also Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa.Super.2000) ("[T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence"). Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. *See Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super.2001).

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. *See Brewer*, 876 A.2d at 1032. Accordingly, "[t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." *Id.* (quoting *Commonwealth v. Murphy*, 795 A.2d 1025, 1038–39 (Pa.Super.2002)). Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the

appellant's convictions will be upheld. *See Brewer*, 876 A.2d at 1032.

*Commonwealth v. Pettyjohn*, 64 A.3d 1072, 2013 PA Super 49 (2013) (citations omitted).

■ First, Appellant contends there was insufficient evidence to support his disorderly conduct conviction which was graded as a third-degree misdemeanor. Appellant was convicted under Subsection 5503(a)(1) of the Crimes Code which provides that "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he ... engages in fighting or threatening, or in violent or tumultuous behavior." 18 Pa. C.S.A. § 5503(a)(1). With respect to the grading of the offense, a disorderly conduct charge is a misdemeanor of the third degree "if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense." 18 Pa.C.S.A. § 5503(b). *See Commonwealth v. Fedorek*, 596 Pa. 475, 490, 946 A.2d 93, 102 (2008) (finding Fedorek intended to cause substantial harm to the victim when she observed her brother in a verbal altercation with the victim and encouraged her brother to hurt the victim).

■ Appellant specifically claims the Commonwealth did not show he had "intent to cause public inconvenience, annoyance, or alarm" or "recklessly created a risk thereof." Appellant's Brief, at 9. Appellant contends the Commonwealth did not show he possessed the requisite *mens rea* for this offense, as he claims he was "merely exercising their free speech, free assembly, and free petitioning rights pursuant to the First Amendment of the United States Constitution and to Article I, Section 7 of the Pennsylvania Constitution." *Id.* We note "[i]ntent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Faulk*, 928 A.2d 1061, 1070 (Pa.Super.2007) (citation omitted), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008).

The circumstances in this case support the finding that Appellant intended to cause substantial harm or serious inconvenience when he attempted to assault Sergeant Grant. Despite being warned by officers that they would be escorted from City Hall, Appellant and Rahman continued their loud and boisterous behavior without regard for any of the other spectators seated in the balcony. When Sergeant Grant attempted to take Rahman's sign, Rahman escalated his aggression to physically attacking Sergeant Grant on the steps of a balcony crowded with spectators at a Council meeting at City Hall. Appellant joined in the fight by swinging at Sergeant Grant until Officer West was able to pull Appellant away. The trial court found that Appellant and Rahman's intentional physical aggression resulted in inconvenience, annoyance, and alarm through the entire room, which included both the chamber floor and the balcony. The commotion the men made disrupted the actual Council meeting such that the Council president stopped the meeting to ensure that the disturbance in the balcony was resolved. As Appellant's violent and tumultuous behavior shows he intended to cause substantial harm and serious inconvenience, there was sufficient evidence to support his disorderly conduct conviction under Subsection 5503(a)(1).

■ Appellant also challenges the sufficiency of the evidence supporting his resisting arrest conviction. A defendant may be convicted of resisting arrest if he, "with the intent of preventing a public servant from effecting a lawful arrest or

discharging any other duty, ... creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa. C.S.A. § 5104. Appellant does not challenge the trial court's finding that he resisted Officer West's attempts to arrest him, but limits his claim to argue the underlying arrest was not lawful. Appellant's Brief at 7–8. Our Supreme Court has established that a lawful arrest is an element of the crime of resisting arrest. *Commonwealth v. Jackson,* 592 Pa. 232, 236, 924 A.2d 618, 620 (2007). Further, "the lawfulness of an arrest depends on the existence of probable cause to arrest the defendant." *Id.*

There is no question that Sergeant Grant lawfully arrested Appellant in light of his disruptive and violent conduct. After asking Appellant and Rahman repeatedly to leave the crowded balcony, Sergeant Grant attempted to confiscate Rahman's sign, which was blocking the view of the other spectators in the audience. Rahman responded by pushing Sergeant Grant backward and throwing punches at him. When Appellant attempted to join the fight by swinging at Sergeant Grant, Officer West grabbed Appellant's jacket to place him under arrest. This tumultuous behavior clearly gave Sergeant Grant had probable cause to arrest Appellant for disorderly conduct. The trial court did not err in finding there was sufficient evidence to support Appellant's resisting arrest conviction.

For the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.