J-S23017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN DERCOLE | |
| Appellant | No. 1491 EDA 2015 |

Appeal from the Judgment of Sentence March 4, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013541-2014

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                                    **FILED JUNE 20, 2016**

Brian Dercole appeals from the judgment of sentence imposed on March 4, 2015, in the Court of Common Pleas of Philadelphia County following his conviction[1] on the charges of theft by unlawful taking and access device fraud.[2]  Dercole received an aggregate sentence of eight to 23 months' incarceration followed by three years of probation.  In this timely appeal, Dercole claims there was insufficient evidence to support his conviction in that all evidence was hearsay and/or circumstantial.[3]  After a

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Dercole received a bench trial before the Honorable Joan A. Brown.

[2] 18 Pa.C.S. §§ 3921(a) and 4106(a)(1), respectively.

[3] **See** Dercole's Pa.R.A.P. 1952(b) statement of error complained of on appeal.

thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

We recite the facts as related by the trial court in the Rule 1925(a) opinion.

> At the bench trial on March 4, 2015, Commonwealth witness Stacy Calabretta testified that she resides at 505 Cross Street in Philadelphia. She resides there with her fiancé John Crane. She was having contractor/remodeling work done at her property in June/July 2014. She hired Creative Kitchens and Baths, LLC, to do the needed repairs. Perry Carson is the owner of the business and he had access to her property. Usually, Ms. Calabretta's father would provide the key to the contractors and their employees to gain access to perform their tasks. Sometime near the end of June, 2014, while she was away on vacation, Ms. Calabretta gave instructions for her father to keep providing access to the contractor employees. Upon her return from vacation she noticed that her ATM/Debit card was missing and that jewelry was missing from her bedroom. Upon further investigation through her bank she confirmed that the debit card was used for approximately 8 transactions without her knowledge or permission. They were fraudulent. Ms. Calabretta eventually contacted Perry Carson and informed him of the missing items.
>
> Mr. Caron admitted in testimony that the last person at the residence on or about June 28, 2014 was defendant Brian Dercole, who went to the property by himself with instructions to lock the door and put the key through the mail slot for Ms. Calabretta's father to return that evening and get it back.
>
> Mr. Carson decided to confront [Dercole] regarding the theft at 505 Cross Street. He utilized a ruse to determine if he was the perpetrator. His conversation was as follows:
>
> By Perry Carson:
>
> Q: Did you speak to [Dercole] about this?
>
> A: I did speak to Brian.

Q: What, if anything, did he say to you?

A: Well, I kind of misled him as I do a lot of my employees if they break something or do something wrong with a truck, there's ways to get it out of them. I said, Bri, listen, you know, the cops are contacting me, they have you on camera using her card at the gas station. Mr. Dercole admitted that he had the cards in his pocket but that he didn't take them. That he had actually found them out front of her home. And the jewelry, he would never admit to me.

THE COURT: I'm sorry, what about the jewelry?

THE WITNESS: He would never admit it to me. He had actually shut his phone off, all his social media contact and everything was shut off that night so I had no way of talking to him every [sic] again.

Mr. Carson testified that [Dercole] never returned to work and that he never heard from him again.

[Dercole] testified on his own behalf and denied taking anything from the property. He admitted access to the property of Ms. Calabretta, including having the key on or about June 28, 2014. He also admitted to a series of *crimen falsi* charges.

Trial Court Opinion, 6/16/2015, at 2-4 (citations to notes of testimony omitted).

Initially, we note,

The standard of review for claims of insufficient evidence is well-settled. With respect to such claims, we consider the evidence in the light most favorable to the Commonwealth as verdict winner. ***Commonwealth v. Barnes***, 871 A.2d 812, 819 (Pa. Super. 2005). In that light, we decide if the evidence and all reasonable inferences from that evidence are sufficient to establish the elements of the offense beyond a reasonable doubt. ***Id.*** We keep in mind that it was for the trier of fact to determine the weight of the evidence and the credibility of witnesses. ***Id.*** The jury was free to believe all, part or none of the evidence. ***Id.*** This Court

may not weigh the evidence or substitute its judgment or that of the factfinder. *Id.*

*Commonwealth v. Devries*, 112 A.3d 663, 667 (Pa. Super. 2015) (citation omitted).

Additionally,

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence.

*Commonwealth v. Franklin*, 69 A.3d 719, 722 (Pa. Super. 2013) (citation omitted).

Finally, we note,

"[i]n evaluating the sufficiency of the evidence, we do not review a diminished record." *Commonwealth v. Palmer*, 751 A.2d 223, 227 (Pa. Super. 2000). "Rather, the law is clear that we are required to consider all evidence that was actually received, without consideration as to the admissibility of that evidence or whether the trial court's evidentiary rulings are correct." *Id.*

*Commonwealth v. Gray*, 867 A.2d 560, 567 (Pa. Super. 2005).

Here, the evidence presented at trial, when viewed in the light most favorable to the Commonwealth as verdict winner, along with all reasonable inferences drawn therefrom, provides sufficient evidence to support the convictions. On the last day of work at the Calabretta residence, Dercole was the sole person with access to that residence, providing him with ample opportunity to have found and taken the ATM card and jewelry. When he was told that the police had video evidence of him using the ATM card at a

gas station, Dercole admitted he had possession of the card but claimed that he had obtained it innocently, having found it on the ground. Despite his assertion of innocence, Dercole did not return to work and essentially remained incommunicado thereafter, shutting down all methods his employer had to contact him. Dercole's admission taken with the other circumstantial evidence provided sufficient foundation to support a determination Dercole stole the ATM card. Thereafter, this evidence permits a reasonable inference that he took the jewelry, as well.

To the extent Dercole claims his conviction was based upon hearsay, we note that he has not challenged any of the trial court's evidentiary rulings. In any event, such claim is essentially a request that we review a diminished record to determine the sufficiency of the evidence. Pursuant to ***Commonwealth v. Gray***, ***supra***, we may not do so.

To the extent that Dercole claims the testimony of this employer, Perry Carson, was self-serving and unworthy of belief, this represents an argument that the verdict was against the weight of the evidence, not the sufficiency of the evidence. ***See Commonwealth v. Griffin***, 64 A.3d 932, 939 (Pa. Super. 2013) (argument against the credibility of witnesses' testimony attacks the weight of the evidence, not sufficiency.) However, Dercole never challenged the weight of the evidence before the trial court. Accordingly, any such a claim is waived. ***See Commonwealth v. Priest***,

18 A.3d 1235 (Pa. Super. 2011) (weight of evidence claim waived for failure to present claim in the lower court).

In light of the foregoing, Dercole is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2016