J-S71024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                             :           PENNSYLVANIA
                             :
          v.                    :
                             :
                             :
JAMIR MASSEY                :
                             :
          Appellant        :     No. 3675 EDA 2018

Appeal from the Judgment of Sentence Entered November 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010457-2017

BEFORE: BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.:           **FILED FEBRUARY 06, 2020**

Jamir Massey (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of second-degree murder, robbery, and conspiracy to commit robbery.[1] We affirm.

The trial court set forth the facts of this case as follows:

Police Officer Little from the Philadelphia Police Department testified that on June 13, 2017 at approximately 7:45 pm., he was working in the 19th District, located at 60th and Haverford Ave., when a male (Michael Tilahun) came into headquarters stating that his friend was shot and that his friend was in a vehicle out front. The officer and Tilahun carried the wounded individual ([Victim]) to the fire station next door where he was transported to Presbyterian Hospital. [Victim] was pronounced dead three days later from a gunshot wound.

Michael Tilahun testified that [Victim] was his friend and that [Victim] drove Tilahun to meet with [Appellant] to make a drug transaction sometime after 7:00 pm on June 13, 2017. [Appellant], who Tilahun knew as Curry, reached out to Tilahun

---

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1)(i), 903(c).

via [FaceTime] earlier in the day and asked to buy three ounces of marijuana. [Victim] was the supplier of the marijuana. The meeting was to take place at 56th and Lansdowne Avenues. [Appellant] arrived with an unknown male companion. Upon arrival, [Appellant] sat behind [Victim] and his companion sat behind Tilahun. [Appellant] was counting money and Tilahun tossed the bag of marijuana into the back seat. Tilahun then heard a gun cock and heard someone say, "take the keys out." He thought it was the unknown male who was speaking. [Victim] ignored the command, and instead, put the keys in the ignition and started the car. Tilahun then heard a gunshot and [Victim] screamed out in pain.

[Appellant] and his companion ran from the vehicle. [Victim] began to move the car and hit the car behind him. [Victim] then began driving the vehicle to the police station at 60th and Haverford Avenue. [Victim] was going in and out of consciousness so Tilahun was steering the vehicle. Tilahun did not give a statement to police that night. However, he did testify before the grand jury. Tilahun identified [Appellant] on the video as he enters [Victim]'s vehicle within minutes of the shooting. Tilahun also testified that [Appellant] was listed as a contact in his phone under "Curry56." Tilahun identified a few text messages exchanged between him and [Appellant] on the days leading up to the murder. One from [Appellant] read: "get us some gas," which Tilahun testified meant weed. On the day of the murder[,] there were seven face time calls between Tilahun and [Appellant], after which, Tilahun sent a text to the [Victim] telling him to come meet him.

At 8:45 pm, less than one hour after the murder, [Appellant] sent Tilahun a text message which read: "that shit wasn't bout you bro – we didn't know how you would act but I told you it wasn't bout you."

\* \* \*

Detective Golphin, from the Homicide Division, took a video statement from [Appellant] which was played for the jury. [Appellant] initially denied ever entering [Victim]'s vehicle. After being confronted with video of the incident, [Appellant] identified himself on the video and admitted that he was in the vehicle with a male named Tony that he knew from the neighborhood. [Appellant] stated that he set up the drug deal for Tony and that

- 2 -

when he and Tony were in the backseat of the car, Tony pulled out a gun, and demanded that [Victim] take the keys out of the ignition. [Appellant] stated that he jumped out of the car at that point and ran. However, the video of the incident depicts [Appellant] exiting the car after "Tony."

Trial Court Opinion, 3/7/19, at 2-4 (footnotes and citations to notes of testimony omitted).

On October 24, 2017, Appellant was arrested and charged in relation to Victim's murder. The trial court summarized the procedural history as follows:

On November 19, 2018, [Appellant] was found guilty after a jury trial . . . of second[-]degree murder, as a felony of the first degree; robbery, as a felony of the first degree; and conspiracy to commit robbery, as a felony of the first degree. On that same date, [Appellant] was sentenced to life without parole for the second[-]degree murder conviction. There was no further penalty imposed on the conspiracy to commit robbery conviction.

[Appellant] filed a Notice of Appeal to the Superior Court. [T]h[e trial c]ourt granted [Appellant] an extension to file his Statement of Matters Complained of on Appeal. On February 13, 2019, pursuant to th[e c]ourt's 1925(b) order, [Appellant] filed a Statement of Matters Complained of on Appeal[.]

*Id.* at 1-2 (footnotes omitted).

On appeal, Appellant presents the following issue for review:

1) Whether the evidence was insufficient to sustain a conviction for Robbery, Conspiracy to Commit Robbery and Second[-]Degree Murder in that:

a. Eyewitness Michael Tilahun, stated that he did not recognize the voice ordering the [Victim] to turn off the car keys (sic). Tilahun was familiar with Appellant's voice and did not identify his voice making these commands to the [Victim]. (N.T., 11/14/2018, p. 84).

b. Witness Tilahun did not see who did the shooting. Id. at 87.

- 3 -

> c. Witness Tilahun testified that Appellant was counting money in his lap with both hands before the gun was fired. The inescapable conclusion is that Appellant did not fire any gun. Id. at 158.
>
> d. Appellant was merely present for this robbery and did not participate or agree to participate in it.

Appellant's Brief at 5.

Appellant's sole issue challenges the sufficiency of the evidence to sustain each of his convictions. In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted). Importantly, "the jury, which

passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." ***Commonwealth v. Ramtahal***, 33 A.3d 602, 607 (Pa. 2011).

Appellant argues that the evidence was insufficient to sustain his second-degree murder, robbery, and conspiracy to commit robbery convictions because he was merely present, and not an actor, during the robbery and murder. Appellant maintains that he was not the individual who ordered Victim to remove the keys from the ignition or the shooter. Rather, Appellant asserts that he was only responsible "for setting up the purchase of marijuana." Appellant's Brief at 14.

Second-degree murder, or felony murder, is a homicide committed "while defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa.C.S.A. § 2502(b). Section 2502 of the Pennsylvania Crimes Code defines the "perpetration of a felony" as "[t]he act of the defendant in engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit **robbery**, rape, or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping." 18 Pa.C.S.A. § 2502(d) (emphasis added).

Section 306 of the Crimes Code further states:

**(c) Accomplice defined.--**A person is an accomplice of another person in the commission of an offense if:

(1) with the intent of promoting or facilitating the commission of the offense, he:

(i) solicits such other person to commit it; or

(ii) aids or agrees or attempts to aid such other person in planning or committing it; or

(2) his conduct is expressly declared by law to establish his complicity.

**(d) Culpability of accomplice.--**When causing a particular result is an element of an offense, an accomplice in the conduct causing such result is an accomplice in the commission of that offense, if he acts with the kind of culpability, if any, with respect to that result that is sufficient for the commission of the offense.

18 Pa.C.S.A. § 306(c)–(d). "Accomplice liability may be established wholly by circumstantial evidence. Only the least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice. No agreement is required, only aid." *Commonwealth v. Mitchell*, 135 A.3d 1097, 1102 (Pa. Super. 2016) (quoting *Commonwealth v. Knox*, 50 A.3d 732, 739 (Pa. Super. 2012)).

With respect to his robbery charge, Appellant was convicted under Section 3701(a)(1)(i) of the Crimes Code. Pursuant to that statute, "[a] person is guilty of robbery if, in the course of committing a theft, he: (i) inflicts serious bodily injury upon another[.]" 18 Pa.C.S.A. § 3701(a)(1)(i). "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). According to the robbery statute, "[a]n act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt." 18 Pa.C.S.A. § 3701(a)(2).

"In order to prove the existence of a criminal conspiracy, the Commonwealth must demonstrate that the defendant: (1) entered an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy." *Commonwealth v. Chambers*, 188 A.3d 400, 409-10 (Pa. 2018) (quotations and citation omitted). Factor courts must consider when determining the existence of a conspiracy include: "(1) an association between alleged conspirators; (2) knowledge of the commission of the crime; (3) presence at the scene of the crime; and (4) in some situations, participation in the object of the conspiracy." *Commonwealth v. Nypaver*, 69 A.3d 708, 715 (Pa. Super. 2013) (quotations and citation omitted).

As this Court has explained:

> A "conspiratorial agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode." *Commonwealth v. Feliciano*, 67 A.3d 19, 26 (Pa. Super. 2013) (*en banc*). "The conduct of the parties and the circumstances surrounding such conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt." *Id.* []. A person guilty of robbery as a co-conspirator is necessarily guilty of conspiracy to commit robbery.

*Mitchell*, 135 A.3d at 1103 (Pa. Super. 2016).

In rejecting Appellant's sufficiency claim, the trial court explained:

> The Commonwealth presented sufficient evidence from which the jury could find beyond a reasonable doubt that [Appellant] was either a principal or accomplice in the commission of a robbery, during which the decedent was shot and killed. There is no dispute that [Appellant] was present in the vehicle with another

male, who accompanied [Appellant] to the vehicle to engage in a drug deal, when the robbery and murder occurred. However, [Appellant] disputes that he participated in a robbery or had any knowledge that his companion intended to commit a robbery. Instead, [Appellant] asserts that he was merely present.

The evidence adduced at trial is in direct contradiction to this assertion. It was [Appellant] who set up the drug transaction. He was expected to be alone but arrived with a male companion. . . . Although Tilahun testified that he believed it was the other male who commanded the decedent to take his keys from the ignition, and that he did not see which male fired the gun; that is not dispositive. [Appellant] is seen on video running from the vehicle after the decedent is shot. His hands appear to be shoving something into his waist or pocket. As [Appellant]'s companion runs from the vehicle, his pants are down by his thighs and he is pulling them up. No weapon is visible. The two males run off together in the same direction. However, the most powerful evidence comes in the form of a text message sent by [Appellant] to Tilahun within an hour after the murder which read: "that shit wasn't bout you bro – we didn't know how you would act but I told you it wasn't bout you."

Trial Court Opinion, 3/7/19, at 8-9.

Based upon our review of the record, including the transcripts of Appellant's trial, and the parties' briefs on appeal, we agree with the trial court's assessment that the evidence was sufficient to sustain the jury's guilty verdicts. Notably, Appellant does not dispute that the evidence was sufficient to conclude that both a murder and a robbery transpired. Instead, Appellant contends that he took no part in either of those crimes and that he was merely present when they occurred. The record indicates, however, that Appellant arranged the drug transaction with Victim and did not disavow the crimes for which he claims his friend was solely responsible in a text message to Tilahun approximately one hour after the robbery occurred.

Specifically, Tilahun testified that Appellant texted him to arrange the purchase of three ounces of marijuana for $600. N.T., 11/14/18, at 73. Appellant concedes this fact in his appellate brief. *See* Appellant's Brief at 14. Additionally, roughly an hour after the shooting, Appellant sent Tilahun a text message stating: "[t]hat shit wasn't [']bout you bro[.] [W]e didn't know how you would act[,] but I told you it wasn't [']bout you." N.T., 11/16/18, at 100. Not only does Appellant fail to distance himself from the criminal acts he asserts his friend committed, his use of the word "we" indicates, when considered in the light most favorable to the Commonwealth, that he agreed to commit robbery and aided in its completion. *See Chambers*, 188 A.3d at 409-10.

In sum, the evidence supports a finding that Appellant arranged to buy drugs from Victim. During the drug buy, Appellant's friend robbed Victim and Victim was shot and killed. The record therefore supports the conclusion that Appellant agreed to take part in the robbery because he aided his friend in both the setup and commission of the robbery. *See id.*; *see also Mitchell*, 135 A.3d at 1103. Consequently, Appellant is culpable for the murder that resulted from the robbery. *See* 18 Pa.C.S.A. § 306(c)-(d). Appellant's challenge to the sufficiency of the evidence fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/20