J-S45039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TINA FORD    APPELLANT | : | |
| | : | |
| | : | No. 3040 EDA 2017 |

Appeal from the Judgment of Sentence August 18, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004663-2014,
CP-51-CR-0004664-2014

BEFORE:    BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                        Filed: October 29, 2020

Tina Ford (Appellant) appeals from the judgment of sentence imposed after the trial court found her guilty of burglary, criminal trespass, criminal contempt, simple assault, and recklessly endangering another person.[1]  Upon review, we affirm.

The trial court summarized the underlying facts as follows:

The incidents in this case took place on the night of April 3, 2014 and in the early morning hours of April 4, 2014.  Prior to the incident, on March 4, 2014 Complainant[2] filed a temporary restraining order against Appellant, which was granted, thus evicting Appellant from Complainant's home located at 5221 Irving Street, Philadelphia, PA.  [N.T., 8/21/15, at] 21-24.  The temporary restraining order was served with an affidavit of service

_____

[1] 18 Pa.C.S.A. §§ 3502(a)(1), 3503(a)(1)(i), 2701(a), 2705; 23 Pa.C.S.A. § 6114(a).

[2] Complainant is Appellant's estranged husband.

signed by a Philadelphia Police Officer dated March 4, 2015. *Id.* at 41-44.

On April 3, 2014, Complainant was residing in his home on 5221 Irving Street, Philadelphia, PA with his daughter, his girlfriend, and her son. *Id.* at 9-12. Sometime between 11:30pm and 12:00am[,] Appellant entered home of Complainant without permission. *Id.* at 25-28. Upon entering the Complainant's home, Appellant observed an unfamiliar child in the living room, who was the son of Complainant's girlfriend. [*Id.*] Appellant proceeded up the stairs and burst into Complainant's bedroom. [*Id.*] Appellant began yelling for no reason and picked up a lamp from a bedside table and used it to physically attack both Complainant and his girlfriend. [*Id.*] The physical altercation continued, and Complainant attempted to prevent Appellant from injuring him and his girlfriend. [*Id.*] Complainant managed to usher Appellant out of the bedroom and down the stairs where Appellant retrieved another lamp from a nearby table and began hitting and swinging it at Complainant, knocking over various household objects in the process. [*Id.*] Complainant ushered Appellant out of his home and closed the door. [*Id.*] Complainant remained inside the home for around ten minutes when he heard a slam against his bay window; Complainant opened up the door and saw Appellant running back to her car that was double parked in front of Complainant's house. [*Id.*] Complainant observed a broken flowerpot on his porch, which was thrown by Appellant against his front bay window. [*Id.*] Complainant proceeded to his car to investigate whether it was vandalized or not; upon seeing that the car was indeed vandalized, he got in his car and followed Appellant north on 53rd Street while on the phone with police. *Id.* at 33-36. Appellant reportedly tried to make a U-turn and Complainant blocked her car with his. [*Id.*] After about ten minutes the police arrived and arrested Appellant. [*Id.*]

Trial Court Opinion, 7/24/19, at 2-3.

The trial court also provided the following procedural history:

On August 21, 2015, [Appellant] waived her right to a jury and proceeded to trial before this [c]ourt. During the waiver trial[,] this [c]ourt found Appellant guilty of burglary, criminal trespass, contempt of a court order, simple assault, and recklessly endangering another person. On November 18, 2016, Appellant was sentenced to nine (9) to twenty-three (23) months [of]

incarceration with work release eligibility, followed by five (5) years [of] reporting probation. On [November 22, 2016], Appellant filed a Motion for Reconsideration of Sentence and it was granted [on April 21, 2017]. On August 18, 2017, Appellant was resentenced to seven (7) years reporting probation. Further, Appellant was ineligible for RRRI.

On September 15, 2017, Appellant filed a timely notice of appeal[3] from her August 18, 2017 judgment of conviction and re-sentence. On December 8, 2017, this court ordered Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) on or before January 11, 2018. On January 11, 2018, Appellant filed the 1925(b) Statement of Matters Complained of on Appeal.

*Id.* at 1.

Appellant presents the following issue for our review:

_____

3 Pursuant to Pennsylvania Rule of Criminal Procedure 720(B)(3)(a), the trial court "shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law." Pa.R.Crim.P. 720(B)(3)(a). Here, the 120-day period for a decision on Appellant's post-sentence motion for reconsideration of sentence expired on March 22, 2017. The clerk of courts, however, failed to enter an order deeming the motion denied on that date. **See** Pa.R.Crim.P. 720(B)(3)(c) ("When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court, and, . . . forthwith shall serve a copy of the order on the attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the postsentence motion is deemed denied."). Instead, the trial court granted the motion on April 21, 2017, outside the 120-day period, and subsequently resentenced Appellant on August 18, 2017. Appellant appealed within 30 days of that judgment of sentence. Ordinarily, the appeal would be untimely, however, this Court has held that a breakdown of the courts occurs when the trial court clerk fails to enter an order deeming post-sentence motions denied by operation of law pursuant to Rule 720(B)(3)(c). **See Commonwealth v. Patterson**, 940 A.2d 493, 498-99 (Pa. Super. 2007). Accordingly, we consider the merit of Appellant's appeal.

> WAS THE EVIDENCE [] INSUFFICIENT TO SUPPORT THE VERDICTS AS TO BURGLARY, CRIMINAL TRESPASS, AND FOR CRIMINAL CONTEMPT BECAUSE THE COMMONWEALTH OFFERED NO EVIDENCE THAT APPELLANT HAD BEEN SERVED WITH THE PROTECTION FROM ABUSE ORDER EVICTING HER FROM THE MARITAL HOME AND ORDERING HER TO NOT HAVE CONTACT WITH THE COMPLAINANT?

Appellant's Brief at 3.

Appellant challenges the sufficiency of the evidence for her burglary, criminal trespass, and criminal contempt convictions. Specifically, Appellant argues that the evidence was insufficient to sustain each of these convictions because she did not receive service of or notice of the protection from abuse (PFA) order. According to Appellant, while the Commonwealth had the PFA order entered into the record at trial, it did not do the same for the affidavit of service.

In reviewing a challenge to the sufficiency of the evidence, we recognize:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial

does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

**Commonwealth v. Franklin**, 69 A.3d 719, 722-23 (Pa. Super. 2013) (citations omitted). Importantly, "the [fact-finder], wh[o] passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." **Commonwealth v. Ramtahal**, 33 A.3d 602, 607 (Pa. 2011).

Section 3502 of the Pennsylvania Crimes Code, which defines burglary, provides in pertinent part:

**(a) Offense defined.--**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

(1)(i) enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein[.]

18 Pa.C.S.A. § 3502(a)(1)(i). "It is a defense to prosecution for burglary if . . . at the time of the commission of the offense . . . the actor is licensed or privileged to enter." 18 Pa.C.S.A. § 3502(b)(3).

Under Section 3503, an individual commits the crime of criminal trespass if, "knowing that he is not licensed or privileged to do so, he . . . enters, gains entry by subterfuge or surreptitiously remains in any building or

occupied structure or separately secured or occupied portion thereof[.]" 18 Pa.C.S.A. § 3503(a)(1)(i). Thus, like burglary, criminal trespass requires the actor to knowingly enter a building or occupied structure without license or privilege to do so. ***See id.***

Regarding criminal contempt, we have stated:

In order to establish [] criminal contempt, the Commonwealth must prove: 1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) **the contemnor had notice of the order**; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent.

***Commonwealth v. Felder***, 176 A.3d 331, 334 (Pa. Super. 2017) (emphasis added, citation omitted).

Because Appellant claims she was never served with the PFA order, she argues she did not have notice of the order and could not have known that she lacked license or privilege to enter Complainant's home. The record belies Appellant's claim. Our review of the record reveals that the affidavit of service for the PFA was entered into evidence. Additionally, by her own admission at trial, Appellant was aware that she was not permitted to enter Complainant's residence.

At the close of its case-in-chief, the Commonwealth moved to admit the PFA order into evidence, and Appellant did not object. N.T., 08/21/15, at 40. Attached to the PFA order was an affidavit of service of the order signed by the serving police officer. ***Id.*** at 41. Viewing this evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the

record contradicts Appellant's assertion that she was never served with the PFA order.

In addition, Appellant's trial testimony demonstrates that she was aware of the PFA order. Appellant testified that before the incident that led to the underlying criminal charges, she kept her things at Complaint's house "until the judge made an order," and she was no longer able to "get any more things from the house." *Id.* at 49. Appellant further testified that even though she was aware of the PFA order, she "didn't follow it" because both she and Complainant had restraining orders in the past and never followed them. *Id.* at 50.

In sum, the record indicates that Appellant had notice of the PFA order, and was thus aware that she did not have license or privilege to enter Complainant's residence. Accordingly, the evidence was sufficient to sustain Appellant's convictions of burglary, criminal trespass, and criminal contempt.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/29/20