J-S10030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOUGLAS DALE KESECKER | : | |
| | : | |
| Appellant | : | No. 845 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 26, 2001
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000271-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOUGLAS DALE KESECKER | : | |
| | : | |
| Appellant | : | No. 846 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 26, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000273-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: JULY 11, 2022**

Douglas Dale Kesecker appeals from the judgment of sentence imposed

on his convictions for multiple crimes against his ex-girlfriend. Those crimes

include two counts each of Burglary and Criminal Trespass, and one count

each of Criminal Attempt to Commit Kidnapping, Arson, Stalking, Simple

_____

[*] Retired Senior Judge assigned to the Superior Court.

Assault, Theft by Unlawful Taking, Criminal Mischief, Terroristic Threats, Unlawful Restraint, Interception of Communications, and Fleeing/Eluding Police.[1] Kesecker argues the evidence was insufficient to support his conviction for one of those crimes, Theft by Unlawful Taking. We affirm.

We need not recount all of the evidence presented at trial, as only the evidence relating to the charge of Theft by Unlawful Taking is relevant to this appeal. Regarding that charge, the victim testified as follows. On the morning of December 3, 2018, the victim went outside to start her car, and when she came back in, she heard a noise in her bedroom. *See* N.T., April 26-29, 2021, at 155-56. Kesecker ran out of her bedroom, dressed in camouflage hunting gear and wearing a face covering. *Id.* at 156, 163. Kesecker had the victim's handgun in his possession and sprayed mace in her face. *Id.* at 156, 161-62. The victim thought the gun had been in her purse, but when she asked Kesecker, he told her it had been in her closet. *Id.* at 159.

According to the victim, Kesecker grabbed her by her jacket and hair and said, "You're coming with me." *Id.* at 156. When the victim protested, Kesecker smashed her security camera and security box and was "ranting and raving and screaming and yelling." *Id.* at 157. Kesecker took the victim's phone, returning it only briefly, which allowed her to surreptitiously send a text message to a friend, asking for help. *Id.* at 157-58. The victim stalled

---

[1] *See* 18 Pa.C.S.A. §§ 3502(a)(1)(i), 3503(a)(1)(i), 901(a), 2901(a)(3), 3301(a)(1)(ii), 2709.1(a)(1), 2701(a)(3), 3921(a), 3304(a)(5), 2706(a)(1), 2902(a)(1), 5703(1), and 75 Pa.C.S.A. § 3733(a), respectively.

when Kesecker attempted to force her to leave. ***Id.*** at 160. The victim's friend arrived, accompanied by the victim's maintenance worker. ***Id.*** Kesecker then "took off towards the back of the house where the back [bedrooms are.]" ***Id.*** A second friend of the victim also arrived.

The victim spoke with the others and believed Kesecker had left. ***Id.*** at 162. She went outside to her truck, which was still running. ***Id.*** She opened the door and saw Kesecker lying on the floor in the rear of the cab. ***Id.*** at 162-63. The victim testified she called out to one of her friends, who had been going to her own vehicle, that Kesecker was in her truck. ***Id.*** at 163. As the friend approached, Kesecker "got up, and that's when he gave [the victim her] gun back." ***Id.*** The victim stated, "He started crying, said he was sorry and he didn't mean nothing, and he was apologetic." ***Id.***

The jury found Kesecker guilty, and the court imposed an aggregate sentence of 220 to 440 months' incarceration.

Kesecker appealed, and poses his issue as follows:

> Whether the evidence was insufficient to convict Mr. Kesecker of Theft by Unlawful Taking where the evidence presented by the Commonwealth did not establish Mr. Kesecker ha[d] the intent to deprive [the victim] of her firearm permanently or for an extended period that would deprive [the victim] of a major portion of its economic value[.]

Kesecker's Br. at 5.

Kesecker argues the testimony indicates that he was only using the firearm "to terrorize [the victim] and to further his attempt in kidnapping," and that he "merely kept it in his hand during the confusion surrounding his

attempt to flee after [the victim']s friends arrived." Kesecker's Br. at 24.

Kesecker stresses he never concealed the fact that he had taken the firearm,

and that he returned it to the victim at the first opportunity, "without any

sanctions threatened against him." *Id.* at 26-27. He points out that the victim

testified that he was apologetic when he returned the firearm. *Id.* at 27.

Kesecker argues that "[a] temporary retention that does not appropriate any

economic value is not the equivalent of a deprivation" and the Commonwealth

presented no evidence "that would indicate [he] intended to keep the firearm

for any length of time beyond his encounter with [the victim] that morning."

*Id.* at 24.[2]

On a challenge to the sufficiency of the evidence, we view the evidence

and all reasonable inferences in the light most favorable to the Commonwealth

as the verdict winner. *Commonwealth v. Lynch*, 242 A.3d 339, 352

(Pa.Super. 2020), *appeal denied*, 252 A.3d 1072 (Pa. 2021). "Evidence will be

deemed sufficient to support the verdict when it establishes each material

element of the crime charged and the commission thereof by the accused,

---

[2] The trial court found the elements of Theft by Unlawful taking were met not only by evidence that Kesecker took the gun, but also by the evidence that Kesecker destroyed the victim's security box as well as by evidence that he took her wallet on a separate occasion. *See* Trial Court Opinion, filed August 24, 2021, at 10-11 (unpaginated). Kesecker argues only that the evidence relating to the gun is insufficient to support the theft conviction, and the Commonwealth addresses only that argument. It does not argue that the evidence relating to the security box or the wallet support the conviction. As we find the evidence regarding the gun sufficient to prove the theft charge, we need not assess whether any other evidence was sufficient to prove this charge.

beyond a reasonable doubt." *Id.* (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722 (Pa.Super. 2013)). Any conflicts in the evidence are to be resolved by the fact-finder, and we defer to their findings "unless the evidence is so weak and inconclusive that, as a matter of law, no probability can be drawn from the combined circumstances." *Id.* (quoting *Franklin*, 69 A.3d at 722).

Theft by Unlawful Taking, under the subsection charged here, occurs when a person "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive [the other] thereof." 18 Pa.C.S.A. § 3921(a); *See Commonwealth v. Galvin*, 985 A.2d 783, 791 (Pa. 2009). Kesecker does not argue that the evidence was insufficient to prove that he unlawfully took the victim's firearm, or that the firearm is not movable property. His contention is that the evidence was insufficient to prove he intended to deprive the victim of the firearm. The Crimes Code defines "deprive" as the following:

> (1) To withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value, or with intent to restore only upon payment of reward or other compensation; or
>
> (2) to dispose of the property so as to make it unlikely that the owner will recover it.

18 Pa.C.S.A. § 3901(**"Deprive."**).

The jury found Kesecker guilty of attempted kidnaping of the victim, and Kesecker used the firearm in that attempt. Thanks to the victim's quick

thinking and delay tactics and the aid of her friends, Kesecker did not succeed. Nonetheless, on this record, it was reasonable for the jury to believe that Kesecker would have kept the gun but for the foiling of his plan. His claims to the contrary are questions of credibility, which is for the jury. They do not render the evidence insufficient. The evidence supported a finding that he intended, as part of his kidnapping plan, to deprive the victim of her firearm permanently. *See Commonwealth v. Brown*, 460 A.2d 1155, 1160 (Pa.Super. 1983) (stating evidence sufficient to prove Theft by Unlawful Taking where defendant argued he had taken jacket from cabin when he was surprised by the arrival of the owner and fled, but defendant's flight, in the course of his prison escape, made it unlikely the owner would have ever recovered the jacket).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/11/2022