J-S17034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAGED IBRAHIM RAYA | : | |
| | : | |
| Appellant | : | No. 948 WDA 2022 |

Appeal from the Judgment of Sentence Entered May 26, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006530-2021

BEFORE: LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: JUNE 21, 2023**

Appellant, Maged Ibrahim Raya, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial conviction for terroristic threats.[1]  We affirm.

The trial court set forth the relevant facts of this case as follows:

The credible evidence adduced at trial established that on May 28, 2021, [Victim] was working at his car dealership. At some point that day, [Appellant] came to the dealership. [Victim] had never personally met [Appellant] but he did know [Appellant] by name and that he was the [then-boyfriend] of [Victim's] niece. … After [Appellant] pulled his vehicle into [Victim's] car lot, [Appellant] called for [Victim].  [Victim] approached the vehicle.  [Appellant] was very angry and was foaming at the mouth.  [Appellant] told [Victim] that he was going to rape [Victim's] wife.  He also told [Victim] that he knew his wife drove a white BMW automobile and that she was currently in the Shadyside area of the City of Pittsburgh, all of which were true.  [Appellant]

_____

[1] 18 Pa.C.S.A. § 2706(a)(1).

then told [Victim] that he was going to rape his 13 year-old daughter until she died. He referred to the daughter by name. [Appellant] then told [Victim] that he was going to ruin his life and that he would kill [Victim's] wife. [Appellant] then drove away. As he was driving away, [Victim] called the police. Surveillance video showed…a vehicle owned by [Appellant] entering the car lot and driving off after a few minutes. [Victim] testified that the incident had a substantial impact on him. He felt threatened and was very upset. After the threats, he traded his wife's BMW vehicle for a different vehicle. He lost approximately 60 pounds since the incident. [Appellant] testified at trial that the incident did not occur and he did not make the statements attributed to him. He further testified that [Victim] did not like him because of his ethnicity and he did not comport with devout Muslim teachings.

(Trial Court Opinion, filed 12/2/22, at 1-2).

Following a bench trial, the court convicted Appellant of terroristic threats. The court sentenced Appellant on May 26, 2022, to 1-2 months' imprisonment, plus four years' probation. Appellant timely filed a post-sentence motion on June 3, 2022, which the court denied on June 6, 2022. Appellant timely filed a notice of appeal on July 6, 2022. On July 18, 2022, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on October 5, 2022, following the grant of an extension of time.

Appellant raises one issue for our review:

Was the evidence sufficient to support the conviction for Terroristic Threats as the Commonwealth failed to establish the required *mens rea*?

(Appellant's Brief at 5).

Appellant argues the Commonwealth failed to prove beyond a

reasonable doubt that he had the specific intent to terrorize, as required by the statute. Appellant emphasizes the religious and/or cultural differences between himself and Victim, and claims that Victim "has blown any altercation between the parties out of proportion." (*Id.* at 12). Appellant asserts that Victim testified that Appellant drove to his automotive business and immediately began yelling at Victim, threatening to kill Victim and his wife and to rape and murder Victim's young daughter. Appellant highlights, however, that the video evidence shows only a green BMW car[2] and does not show the driver of the vehicle or any interaction between the driver and Victim.[3] Appellant insists that he has never met Victim and has never been to his business before. Appellant maintains there are two conflicting stories here and no objective evidence of any crime. Appellant contends that Victim's "story is absurd and just doesn't make sense" and that Victim's "testimony, viewed by a dispassionate jurist, could not have been an accurate factual review of the objective evidence[.]" (*Id.* at 20). Appellant concludes there was no evidence from which a reasonable jurist could conclude that the evidence sufficiently proved his intent to terrorize Victim beyond a reasonable doubt, and this Court must overturn Appellant's conviction. We disagree.

---

[2] Appellant admitted at trial that he owned a green BMW similar to the one depicted in the video but claimed that he bought it for his then-girlfriend (Victim's niece) and that he never drove the vehicle.

[3] The video cuts off due to poor quality before the interaction occurred.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

The Crimes Code defines the offense of terroristic threats, in relevant part, as follows:

**§ 2706. Terroristic threats**

**(a) Offense defined.**—A person commits the crime of

- 4 -

terroristic threats if the person communicates, either directly or indirectly, a threat to:

(1) commit any crime of violence with intent to terrorize.

18 Pa.C.S.A. § 2706(a)(1). "Neither the ability to carry out the threat nor a belief by the person threatened that it will be carried out is an essential element of the crime." **Commonwealth v. Fenton**, 750 A.2d 863, 865 (Pa.Super. 2000) (internal citation and quotation marks omitted). "Rather, the harm sought to be prevented by the statute is the psychological distress that follows from an invasion of another's sense of personal security." **Id.**

"The purpose of [Section 2706] is to impose criminal liability on persons who make threats which seriously impair personal security or public convenience. It is not intended by this section to penalize mere spur-of-the-moment threats which result from anger."[4]  18 Pa.C.S.A. § 2706, Comment. Nevertheless, "[b]eing angry does not render a person incapable of forming the intent to terrorize." **Fenton, supra**. In evaluating intent, the court must consider "the totality of the circumstances to determine whether the threat was a result of a heated verbal exchange or confrontation." **In re J.H.**, 797 A.2d 260, 263 (Pa.Super. 2002).

Instantly, the trial court reasoned:

The evidence in this case was clearly sufficient to convict. As noted on the record, this [c]ourt believed [Victim]

_____

[4] On appeal, Appellant does not challenge the sufficiency of the evidence based on making a "spur-of-the-moment" threat.  Rather, Appellant denies being at Victim's car dealership and making any threats at all.

testified credibly. [Appellant's] testimony was simply not credible. There was evidence that [Appellant] did appear at [Victim's] place of business and made threats toward [Victim]. Video surveillance showed a vehicle owned by [Appellant] entering [Victim's] car lot and remain there for a few minutes. Evidence at trial establish[ed] that [Appellant] harbored ill-will toward [Victim] based on circumstances involving his niece. [Appellant] made vile, personal threats to [Victim] that he was going to commit violent crimes against his wife and children. In the course of making the threats, [Appellant] demonstrated that he knew personal details about [Victim's] family members. He knew the type of vehicle driven by [Victim's] wife and her current location. He knew the daughter's name. He threatened to rape and kill them. [Appellant] knew that [Victim] was a devout Muslim and that he abhorred violence. The serious, vile threats of rape and murder were clearly intended to terrorize [Victim].

(Trial Court Opinion at 3-4). The record supports the court's analysis. Viewed in the light most favorable to the Commonwealth as verdict-winner, the Commonwealth presented sufficient evidence to show that Appellant threatened Victim with the intent to terrorize him.[5] ***See Sebolka, supra***; 18 Pa.C.S.A. § 2706(a)(1). ***See also Fenton, supra***. Accordingly, we affirm.

_____

[5] To the extent Appellant's issue on appeal can more properly be construed as a challenge to the weight of the evidence, based on Appellant's contention that the court should have credited Appellant's testimony over the testimony of Victim, the trial court rejected this claim as follows:

The verdict in this case is not shocking to any sense of justice. As set forth above, the [c]ourt here concluded that, after considering and weighing all the evidence, [Victim's] testimony was credible and totally truthful. His testimony supported the verdict. Inasmuch as [Appellant] asserts that this [c]ourt should have given credence to his account of what transpired, this [c]ourt specifically determined that

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2023

---

> [Appellant's] testimony was incredible. The evidence relied on by this [c]ourt in finding [Appellant] guilty was supported in the record and the verdict was not against the weight of the evidence.

(Trial Court Opinion at 5). We see no reason to disrupt the court's denial of any challenge to the weight of the evidence. *See Commonwealth v. Gibbs*, 981 A.2d 274 (Pa.Super. 2009), *appeal denied*, 607 Pa. 690, 3 A.3d 670 (2010) (explaining that when challenge to weight of evidence is predicated on credibility of trial testimony, our review of court's decision is extremely limited; moreover, where trial court has ruled on weight claim below, appellate court's role is not to consider underlying question of whether verdict is against weight of evidence, but to whether trial court palpably abused its discretion in ruling on weight claim).