J-S08017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE N. LONG | : | |
| | : | |
| Appellant | : | No. 1147 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 10, 2020,
in the Court of Common Pleas of Snyder County,
Criminal Division at No(s): CP-55-SA-0000010-2020.

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED JULY 13, 2021**

Wayne N. Long appeals the judgment of sentence imposed following his conviction for driving with a suspended license.[1] We affirm.

On December 12, 2019, Middleburg Police Officer, Chad Thomas, filed a citation against Long for driving with a suspended license on November 18, 2019. The matter proceeded to a summary trial before a magistrate on March 17, 2020, after which the magistrate found Long guilty of driving with a suspended license. Long filed a timely summary appeal to the Snyder County Court of Common Pleas.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 75 Pa.C.S.A. § 1543(a).

On August 10, 2020, the trial court conducted a summary appeal proceeding. The trial court summarized the evidence presented at the summary appeal as follows:

At the trial, the Commonwealth called Colin Devanney, a Snyder County Probation Officer, who testified regarding [Long's] operation of a motor vehicle on November 18, 2019. Mr. Devanney testified he had supervised [Long] on prior occasions. Mr. Devanney said he had last supervised [Long] in 2015 or 2016. Mr. Devanney testified he is familiar with what [Long] looks like and that [Long] did not look so different at the time of the trial to inhibit Mr. Devanney's ability to recognize him. Mr. Devanney testified that on November 18, 2019 around 7:45 a.m. he witnessed [Long] operating a vehicle on a roadway. Mr. Devanney saw [Long] exit the vehicle and enter a store. Mr. Devanney testified that he slowed down to confirm it was [Long] entering the store. Mr. Devanney reported seeing [Long] driving to Chief Tony Jordan of the Middleburg Police Department.

The Commonwealth next called [O]fficer Chad Thomas of the Middleburg Police Department. [Officer] Thomas was the author of the citation against [Long]. Officer Thomas was assigned the instant incident by Chief Jordan. Officer Thomas testified to [Long's] certified driving record and indicated at the time of the alleged incident [Long's] license was suspended and expired.

The defense then called Elisa Long, [Long's] sister, as an alibi defense [witness]. Ms. Long testified that November 18, 2019[,] she was assisting her brother return a tow dolly to his boss. She testified she arrived at [Long's] home around 8:00 a.m. and he was sleeping. Ms. Long testified that at some point in 2020 [Long] contacted her to testify about "what we were doing that day."

[Long] then testified. [He] testified that he was not driving on November 18, 2019[,] and further that his sister arrived at his residence a little after 8:00 a.m. [Long] testified that he saw Mr. Devanney driving later in the day on November 18, 2019. [Long] testified that Mr. Devanney was involved in a sting operation and that [Long] had warned others. [Long] testified that he knew he did not have his driver's license prior to the November 18, 2019

- 2 -

incident. [Long] testified he had hearings on Tuesday, November 19, 2019[,] and November 21, 2019[,] for unrelated driving under suspension charges. [Long] testified he had others drive him to the hearings on November 19, 2019[,] and November 21, 2019.

The Commonwealth then called Joe Eck, of Snyder County Probation. Mr. Eck testified that he has had [Long] on supervision before for driving without a license. Mr. Eck testified he saw [Long] driving on November 18, 2019. Mr. Eck testified he did not see [Long] exit his vehicle a[t] the store.

Trial Court Opinion, 11/4/20, at 2-3.

At the conclusion of the summary appeal proceeding, the trial court found Long guilty of driving with a suspended license and immediately sentenced him to six months of incarceration with eligibility to be released on electronic monitoring after serving ninety days of his sentence. Long filed a timely appeal to this Court. Both Long and the trial court complied with Pa.R.A.P. 1925.

Long raises the following issues for our review:

I.   WHETHER THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN THE GUILTY VERDICT WHERE THE COMMONWEALTH FAILED TO ESTABLISH AN ESSENTIAL ELEMENT OF THE OFFENSE OF DRIVING UNDER SUSPENSION, NAMELY SUFFICIENT PROOF THAT . . . LONG HAD ACTUAL NOTICE OF SUSPENSION OF HIS OPERATOR'S LICENSE?

II.  WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING . . . LONG GUILTY OF DRIVING UNDER SUSPENSION WHERE THE VERDICT IS CONTRARY TO THE WEIGHT OF THE EVIDENCE PRESENTED BECAUSE THE COMMONWEALTH FAILED TO PROVIDE CREDIBLE EVIDENCE THAT HE WAS DRIVING HIS VEHICLE ON NOVEMBER 18, 2019?

Long's Brief at 4 (capitalization in original).

- 3 -

In his first issue, Long challenges the sufficiency of the evidence supporting his conviction. In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the [defendant's] convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa. Super. 2013) (internal quotations and citations omitted). Importantly, "the jury, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." *Commonwealth v. Ramtahal*, 33 A.3d 602, 607 (Pa. 2011).

- 4 -

A person is guilty of driving under suspension when he or she "drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored . . ." 75 Pa.C.S.A. § 1543(a). The Commonwealth is required to establish actual notice of the suspension, which may take the form of a collection of facts and circumstances that allow the fact finder to infer that a defendant has knowledge of suspension. *See Commonwealth v. Crockford*, 660 A.2d 1326, 1330-31 (Pa. Super. 1995).

Long contends that the evidence was insufficient to support the verdict because the Commonwealth failed to introduce any evidence that Long received notice that his license had been suspended. Long points out that his driving record, while marked as an exhibit during the hearing, was never admitted into evidence. Long argues that he never admitted that he had actual notice that his license was suspended on the date in question. Rather, he merely admitted that he was aware that his license had been suspended on a prior occasion.

While Long concedes that he entered guilty pleas for driving under suspension at hearings conducted on November 19 and 21, 2019, he asserts that no information regarding the dates of the underlying offenses was introduced. Long further argues that the fact that his sister drove him to those hearings does not constitute evidence that he had notice of the suspension.

For these reasons, Long contends that the Commonwealth failed to establish that he had actual notice that his license was suspended prior to November 18, 2019.

The trial court considered Long's sufficiency challenge and concluded that it lacked merit. The trial court reasoned as follows:

> Given [Long's] admission that he was aware prior to the November 18, 2019 incident that his [license] was suspended, he had others drive him to the hearings on November 19, 2019 and November 21, 2019 and further, [Long] testified that he plead guilty to the offense at those two proceedings, the Commonwealth established by sufficient evidence [Long] had actual notice of suspension of his operator's license.

Trial Court Opinion, 11/4/20, at 4.

Viewing the record in the light most favorable to the Commonwealth, as the verdict winner in the court below, we conclude that the evidence was sufficient to establish that Long knew that his license was suspended when he was observed driving on November 18, 2019. While Long may not have testified that he received written notice of his license suspension, he nevertheless testified that, on November 18, 2019, he was aware that he had hearings on November 19 and 21, 2019, for driving under suspension. *See* N.T., 8/10/20, at 31, 39. Moreover, Long pled guilty on November 19 and 21, 2019, to driving under suspension. Thus, his guilty pleas also established that, prior to November 18, 2019, he was aware that his license had been suspended. As such, the evidence and the reasonable inferences drawn

therefrom established that Long had actual notice of his suspension on the date of his offense. Accordingly, his first issue warrants no relief.

In his second issue, Long contends that the verdict is against the weight of the evidence. The following legal principles apply when a challenge to the weight of the evidence supporting a conviction is presented to the trial court:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (citations, footnotes and quotation marks omitted). Thus, to allow an appellant "to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the [trial] court." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2016) (internal citation omitted).

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> **Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence*.** Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis in original, internal citations omitted).

Long argues that his conviction for driving under suspension is against the weight of the evidence for a variety of reasons. First, he argues that, other than the two probation officers who observed him driving on November 18, 2019, "there was no independent corroboration" of the offense. Long's Brief at 12. Long points out that the officer who filed the citation did not personally observe Long driving on November 18, 2019, and filed the citation at the recommendation of his police chief, who received the information from Officer Devanney. Long additionally points out that the two probation officers who observed him driving could have used their cellular phones to photograph him driving under suspension, but failed to do so.

Long next points out that the two probation officers who testified that he was driving under suspension had not supervised him for several years and, therefore, had no current information regarding his license status. Long additionally points to Officer Devanney's testimony that his observation of Long driving under suspension occurred when both the officer's vehicle and Long's vehicle were moving in traffic.

Long additionally claims that the testimony provided by the probation officers was not entirely consistent, since one officer testified that Long exited the vehicle to go into a store, while the other officer testified that Long did not exit his vehicle. Long also points out that, while Officer Devanney's report indicates that Officer Eck observed Long driving under suspension a second time on November 18, 2019, Long was never charged with that offense and Officer Eck did not testify as to that second incident.

Long further claims that his sister provided credible alibi testimony that he was not driving on November 18, 2019. Finally, Long points out that, while his driving record was marked as an exhibit, it was never entered into evidence.

The trial court considered Long's weight challenge and determined that it lacked merit. The trial court reasoned as follows:

> To the contrary of [Long's] argument, two probation officers testified to [Long's] operation of the vehicle on a roadway. Both probation officers identified [Long] as the driver. The court found the probation officers' testimony to be credible. The probation officers' testimony was not so inconsistent as to render them incredible and in fact corroborated each other's recitation of the

- 9 -

facts. Further, the court specifically found the testimony of Ms. Long and . . . Long regarding the alibi to be incredible. The Commonwealth presented [Long's] certified driving record at the time of the hearing.

The court was not persuaded by [Long's] testimony and finds that it is a self-serving attempt to avoid conviction. The Commonwealth has established sufficient evidence to find that [Long] guilty.

Trial Court Opinion, 11/4/20, at 5 (unnecessary capitalization omitted).

As discussed above, we give the gravest consideration to the findings and reasons advanced by the trial court when reviewing its determination that the verdict is not against the weight of the evidence. In this matter, we discern no abuse of discretion by the trial court in arriving at its determination that the verdict of guilt was not against the weight of the evidence. Accordingly, Long's weight challenge merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/13/2021

- 10 -