J-S29040-24

2024 PA Super 266


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
ANDRE JOHNSON :
:
Appellant : No. 171 WDA 2023

Appeal from the Judgment of Sentence Entered September 1, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001017-2022


BEFORE: LAZARUS, P.J., DUBOW, J., and KING, J.

DISSENTING OPINION BY DUBOW, J.:      **FILED: November 13, 2024**

I respectfully dissent from the Majority's decision to affirm Appellant's judgment of sentence because I characterize Appellant's statements as ones that threaten sexual violence and, thus, do not have a tendency "to excite lustful thoughts." Accordingly, the statements do not meet the definition of "obscene" as articulated in ***Miller v. California***, 413 U.S. 15 (1973) and ***Roth v. United States***, 354 U.S. 476 (1957). I would, therefore, conclude that the Commonwealth's evidence was insufficient to prove the element of "obscenity" for the offense of Disorderly Conduct.

As noted by the Majority, a person is guilty of Disorderly Conduct "if, with intent to cause public inconvenience, annoyance[,] or alarm, or recklessly creating a risk thereof, **he [] uses obscene language**, or makes an obscene gesture[.]" 18 Pa.C.S. § 5503(a)(3) (emphasis added). Courts have defined

language as "obscene" when, *inter alia*, it appeals to a person's prurient interest. **Miller**, 413 U.S. at 24. A prurient interest has a "tendency to excite lustful thoughts" and roughly encompasses "a shameful or morbid interest in nudity, sex, or excretion[.]" **Roth**, 354 U.S. at 487 n. 20 (citations omitted).

In this case, Appellant argues that his statements did not appeal to the prurient interest because they did not describe a specific sex act in a prurient manner or depict or describe sexual conduct in a patently offensive way. Appellant's Brief at 15-18. Instead, Appellant claims that he expressed his statements to retaliate financially against Officer Wolfe and the statements were "merely immature and the product of frustration at the expense of the tow." **Id.** at 18. The Majority rejects this characterization and finds that the statements were obscene because they were of a sexual nature. Majority Op. at 8-9. I agree that Appellant's statements were of a sexual nature. Where the Majority and I part ways, however, is regarding whether the statements appeal to one's prurient interests and, thus, meet the definition of "obscenity."

According to the trial court, after Officer Wolfe conducted a traffic stop of a car that Appellant was driving, Appellant, during the hour-long encounter, was belligerent, screamed at the officer, and called her a "fucking bitch" numerous times. Trial Ct. Op., 2/8/24, at 4 (unpaginated). Of most significance to my analysis are Appellant's statements that he advised Officer Wolfe "that he'd be seeing [her] daughter" and then "not to worry because he's a lover, not a fighter." **Id.** Appellant then screamed at Officer Wolfe that Appellant "wanted to 'F' his daughter" and "he wanted to get her daughter

pregnant so he could cost . . . Officer Wolfe money that Officer Wolfe was costing him."[1] *Id.* at 4-5.

The Majority agrees with the trial court's characterization of these statements as "sexual activity directed towards the police officer's daughter." Majority Op. at 8 (quoting Trial Ct. Op. at 6). The Majority, in concluding that these statements met the definition of "obscenity," analogizes these statements to those the defendant made in ***Commonwealth v. Rosenberger***, Nos. 477 EDA 2023, 496 EDA 2023, 2024 WL 3290755 (Pa. Super. filed July 3, 2024) (non-precedential decision). Majority Op. at 8-9.

In ***Rosenberger***, the defendant, over a period of months, made statements to a woman who refused his sexual advances, which included referring to her as "cunt" and ranting about "jerking off in front of children" and his "dick pic." 2024 WL 3290755, at *5. In concluding that these statements appealed to the prurient interest and met the definition of "obscenity" for purposes of the Disorderly Conduct conviction, the Superior Court reasoned:

> With respect to the first period, on March 8, 2021, [Victim's] security system recorded Rosenberger saying, "[F]uck you, cunt," and making four separate remarks that [Victim] was "trying to prosecute a person for jerking off in front of children." Taken as a whole, Rosenberger's rant, where he used an offensive term for female genitalia and a lewd term for describing masturbation,

---

[1] As the Majority noted, the witness, Mr. Beisler, may have paraphrased Appellant's statement at trial because the Affidavit of Probable Cause stated that Appellant said "I'm going to put my black dick in her daughter. Hopefully she gets pregnant." Although this statement is more vulgar than the statement Mr. Beisler testified to, it does not change my analysis.

particularly when paired with the reference to children, all directed at a woman who refused his sexual advances, appealed to the prurient interest, described sexual conduct in a patently offensive way, and had no serious literary, artistic, political, or scientific value.

With respect to the second period, on October 2, 2021, [Victim's] security system recorded Rosenberger calling [Victim] a "beautiful woman," then describing his conduct with respect to her as the "equivalent of a dick pic," asking "how high quality that dick pic was," stating that "dick pics usually have a way of giving the warning and a choice," and that he hoped [Victim] and her family remembered the "dick pic." The phrase "dick pics" refers to pictures of male genitalia which are sent to others for the purpose of inciting sexual thoughts. Thus, we again conclude Rosenberger attempted to appeal to a prurient interest, described his conduct in a lewd and patently offensive way, and there was no serious literary, artistic, political, or scientific value to his words.

*Id.* (internal citations omitted).

The Majority in this case concludes that Appellant's statements appeal to the prurient interest because Appellant's comments include his statement that he is a "lover, not a fighter" and wanted to have sex with and impregnate the officer's daughter. Majority Op. at 9.

Although this is a close call, I characterize Appellant's statements differently and focus on their coercive aspects. The defendant's sexually oriented statements in **Rosenberger** did not involve a threat to rape the victim, but rather name calling and highlighting the manner in which the victim sexually aroused the defendant, which could have a "tendency to excite lustful thoughts." In contrast, a threat to engage in sexual violence does not and should not have a "tendency to excite lustful thoughts" and, thus, does not meet the definition of "obscenity."

My characterization of the statement as depicting sexual violence is not lessened by Appellant's statement that he "is a lover, not a fighter." He still expressed a desire to force Officer Wolfe's daughter to engage in sexual intercourse so that he could impregnate her.

While Appellant's statements are vulgar, troubling, and personally offensive, I cannot conclude that this threat of sexual violence does or should "appeal to one's prurient interest" and, thus, meets the definition of "obscenity." I emphasize that I do not condone Appellant's conduct; rather, I believe that Appellant's threatening statements meet the statutory requirements for a different crime, Terroristic Threats, 18 Pa.C.S. § 2706(a)(1).

For these reasons, I would be constrained to reverse Appellant's conviction for Disorderly Conduct.