J-S04016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                   :         PENNSYLVANIA
                                                   :
             v.                              :
                                                 :
RAMAUR BROWN                       :
                                                 :
          Appellant               :     No. 1073 EDA 2024

Appeal from the Judgment of Sentence Entered February 20, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0001486-2023

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:             **FILED APRIL 4, 2025**

Appellant, Ramaur Brown, seeks review of the judgment of sentence entered by the Court of Common Pleas of Lehigh County (trial court). In 2024, Appellant was found guilty after a jury trial of several firearm-related offenses. He was sentenced to an aggregate prison term of seven to 15 years. In his post-sentence motion, he contended that the evidence of guilt was insufficient because the convictions hinged on the uncorroborated testimony of a single witness who had been impeached. The trial court denied the post-sentence motion, and on appeal, Appellant reiterates his contention that the evidence presented at trial was legally insufficient. For the reasons below, we affirm.

On November 26, 2022, police officers were dispatched to the scene of a reported shooting at a convenience store in Lehigh County. The clerk working at the convenience store at the time, Erick Owuor, told the officers that a man wearing a face mask (later identified as Appellant) had bought

some items in the store, and gotten into an argument with another customer while checking out at the register. Moments later, Owuor saw the masked man leave the store and wait in the parking lot for the other customer to come outside. The statement Owuor gave to police included a description of the masked man as appearing to be Black, with a thin build, and having on a blue coat.

As the second customer left the store, he and Appellant began fighting. During the scuffle, Owuor saw Appellant draw a firearm from his pocket and open fire a single time in the direction of the other man. Owuor's manager, a woman named "Raj," contacted police to report the incident. Police were able to obtain from the manager video footage from the store's surveillance camera which corroborated Owuor's identification; they also retrieved a spent shell casing in the same area where the gun had been discharged, further establishing that the reported crime had in fact occurred.

The day after police received the surveillance video, the store manager called the police to report that she recognized the shooter in the video as Appellant, and that he was in the store at the time of her call. The police responded, stopped Appellant as he was walking on the street near the store, and took a photo of him.

A few weeks after the incident, police showed the clerk, Owuor, a line-up which included the photo they had taken of Appellant. Owuor was able to identify Appellant as the man he had seen on the night in question. Shortly thereafter, Appellant was charged with persons not to possess firearms (18

Pa.C.S.A. § 6105(A)(1)); persons not to possess firearms (18 Pa.C.S.A. § 6105(A)(1)); and firearms not to be carried without a license (18 Pa.C.S.A. § 6106(A)(1)).

At the jury trial, Owuor took the stand and elaborated on why he had identified Appellant as the person who he had encountered on the night in question, despite that the shooter had been wearing a mask during the incident. According to Owuor, Appellant had been a regular customer at the convenience store for the four years in which Owuor worked there, making him familiar with Appellant's voice, and clothing. Owuor testified that Appellant regularly wore the same coat that the shooter had worn; Owuor stated further that he recognized Appellant's voice when he briefly spoke to him at the cash register.

The defense attempted to impeach Owuor's credibility as an eyewitness by pointing out that the responding officers did not recall Owuor telling them he had recognized Appellant as a regular customer. Further, the defense questioned Owuor about whether he had told police that he only heard a gunshot, and did not see it through the glass doors of the convenience store. When questioned about whether he told police that Appellant had regularly worn a blue jacket into the store, Owuor responded that he had not done so because he had recognized Appellant in part due to the black jacket he had worn "almost every night." N.T. Trial, 1/22/2024, at 71.

It was suggested by the defense that Owuor's identification of Appellant was tainted by the earlier identification of Owuor's manager, Raj, as Owuor

- 3 -

had been unable to recognize him as a regular customer until after he had spoken to his manager about the case. The defense argued that Owuor's testimony should be discounted, and Appellant found innocent, because the store manager had not been called as a witness at trial, and there was no evidence establishing beyond a reasonable doubt that Appellant was the person who committed the subject firearm offenses.

At the conclusion of the trial, Appellant was found guilty as charged, and he was sentenced to an aggregate prison term of seven to 15 years. Appellant filed post-sentence motions, which were denied, and Appellant timely appealed. The trial court then issued an opinion in accordance with Pa.R.A.P. 1925(a), giving the reasons why the judgment of sentence should be upheld. *See* Trial Court 1925(a) Opinion, 6/17/2024, at 3-5. In his brief, Appellant's sole contention is that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt because the credibility of the Commonwealth's only eyewitness was completely impeached. *See* Appellant's Brief, at 8-17.

"A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). Evidence of an offense is legally sufficient to support a guilty verdict if every element of the offense may establish the accused's guilt beyond a reasonable doubt. *See id*. "When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Id*.

- 4 -

"Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." ***Commonwealth v. Sebolka***, 205 A.3d 329, 337 (Pa. Super. 2019) (quoting ***Commonwealth v. Franklin***, 69 A.3d 719, 722-23 (Pa. Super. 2013)).

"Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld." ***Sebolka***, 205 A.3d at 337 (quoting ***Franklin***, 69 A.3d at 722-23). It is the role of the trier of fact to pass upon the weight and credibility of a witness's testimony, and the trier of fact "is free to believe all, part, or none of the evidence." ***Sebolka***, 205 A.3d at 337 (quoting ***Commonwealth v. Ramtahal***, 33 A.3d 602, 607 (Pa. 2011)).

Here, the eyewitness, Owuor, identified Appellant as the perpetrator of the incident which took place on November 26, 2022. About three weeks after that date, Owuor selected Appellant out of a photo line-up. Later, at Appellant's trial, Owuor testified that he had recognized Appellant as a regular customer at the convenience store, and that he was sure Appellant was the person who he encountered on the night of the incident. Owuor explained that he was able to identify Appellant through his mask because he was familiar with Appellant's voice, race, build, and clothing.

- 5 -

There were some inconsistencies between Owuor's testimony and his statements to police. For example, at trial, Owuor testified that he recognized Appellant in part because he frequently wore a black jacket every day, the same jacket worn by the shooter on the night in question. But the police had recorded Owuor as describing the shooter's jacket as being blue. Further, Owuor had not initially told police that he recognized Appellant as being a regular store customer on the night he first spoke to the responding officers; he only told police he knew Appellant after Owuor's manager saw Appellant in the store and reported his presence there.

The jury heard Owuor's testimony and had the opportunity to observe his demeanor first-hand. The defense also had the chance to impeach Owour on cross-examination and argue to the jury that his testimony should not be believed due to the above-discussed inconsistencies between his testimony and his account given to police on the night of the shooting.

The jury nevertheless accepted the prosecution's identification evidence as credible, and Appellant was found guilty. Although Appellant asserts that the identification of Owuor was unreliable, it was for the jury to determine his credibility and decide what weight, if any, to give to that evidence. On review, the evidence must be construed in the light most favorable to the Commonwealth, and all inferences must be drawn in that party's favor. We cannot substitute our judgment for that of the factfinder.

Owuor's testimony, if found credible, was clearly sufficient to establish beyond a reasonable doubt that Appellant was the person who discharged a

weapon outside of Owuor's convenience store. It was for the jury to decide whether any apparent inconsistencies between his testimony and his statements to police were a compelling enough reason to give it reasonable doubt about Appellant's guilt. In light of all the circumstances in the case, a reasonable inference may be drawn that Owuor was a credible witness, and we see nothing in the record which would preclude a finding of Appellant's guilt as a matter of law. Thus, since the identification testimony could establish Appellant's identity as the shooter beyond a reasonable doubt, and we find no merit in his challenge to the sufficiency of the evidence, the order on review must be upheld.[1]

Judgment of sentence affirmed.

President Judge Emeritus Ford Elliott joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/4/2025

---

[1] Appellants' sufficiency claim only relates to the identity element of each subject offense. None of the other elements of the offenses are being challenged here.